UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEWEY H. PHILLIPS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-3691 |
| | * | |
| ROOFERS MART SOUTHEAST, INC. | * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is Plaintiff Dewey H. Phillips' Renewed Motion for Judgment as a

Matter of Law with Alternative or Joint Request for a New Trial.  (R. 81).  The Court has

reviewed the briefs submitted by the parties, as well as the applicable law, and is now ready to

rule.  For the following reasons, Plaintiff's Motion is DENIED.

I.      BACKGROUND

Plaintiff was involved in an automobile accident with Defendant Douglas Boudreaux,

which occurred on August 4, 2008, in the traffic circle at the foot of the Huey P. Long bridge on

the West Bank of the Mississippi River in Louisiana.  Plaintiff alleges that, as a result of this

accident, he sustained neck and back injuries which required neck surgery and lumbar

radiculopathy.

On May 19, 2009, Plaintiff filed suit in the 24th Judicial District Court, Jefferson Parish,

against Mr. Boudreaux, Mr. Boudreaux's employer at the time of the accident, Roofers Mart

Southeast, Inc., and the insurer for these defendants, Cincinnati Insurance Co. (collectively

referred to as the "Defendants"), seeking damages for his alleged injuries.  *See* (R. 1).  This suit

was removed to this Court on May 29, 2009.  *See id.*  Thereafter, the Louisiana State Office of

the Governor, Division of Administration, Office of Risk Management (the "State") intervened

as a plaintiff, seeking reimbursement from the Defendants for the workers' compensation it has

paid to the Plaintiff due to the Plaintiff's alleged injuries, which were sustained while Plaintiff

was working for the State.  *See* (R. 11, 12).

This matter was tried to a seven-person jury on August 16, 17, and 18, 2010.  *See* (R. 66,

72, 73).  At the conclusion of all of the evidence, Plaintiff moved for judgment as a matter of law

pursuant to Federal Rule of Civil Procedure 50, asking the Court to direct a verdict finding that

the negligence or fault of Mr. Boudreaux was the sole cause of the accident and that Plaintiff was

injured as a result thereof.  *See* (R. 73).  The Court denied the motion.  *See id.*

Thereafter, the Court instructed the jury on the law and submitted jury interrogatories to

the jury for its use.  After deliberations, the jury answered "No" to the first interrogatory which

asked: "Was the Defendant, Douglas Boudreaux, negligent on August 4, 2008?"  Since the jury's

answer was "No," the balance of the jury interrogatories were unanswered.  *See* (R. 75).  A

Judgement was entered on the jury verdict on August 20, 2010.  (R. 77).

## II.     PRESENT MOTION

### A.     Plaintiff's Motion

Plaintiff filed the present Motion seeking relief under Federal Rules of Civil Procedure

50 and 59.  With regard to his request for Rule 50 relief, Plaintiff contends that there was no

competent evidence produced at trial which supported the verdict finding Mr. Boudreaux was

not negligent, and there was no causation between Mr. Boudreaux's negligence and Plaintiff's

injuries.  As to Mr. Boudreaux's negligence, Plaintiff claims that the evidence demonstrated his

car was stopped in traffic, and Mr. Boudreaux's vehicle crossed the center line as it was going

2

through a tight circle and struck Plaintiff's vehicle while traveling forward.  Plaintiff cites in support, his own testimony, the testimony of his passenger when he was hit, Charles McLean, and that of Mr. Boudreaux and Trooper Flynn.  According to the Plaintiff, his testimony and Mr. McLean's testimony on the point of impact was corroborated by Trooper Flynn's testimony that mud from Mr. Boudreaux's vehicle was in Plaintiff's lane of travel.  Additionally, Plaintiff claims that the physical evidence showing the mirror on his vehicle was knocked forward is consistent with his claim that Mr. Boudreaux's vehicle side-swiped his vehicle while it was stopped in the traffic circle.  Plaintiff also notes Mr. Boudreaux's testimony that he was unaware of the impact.

Plaintiff claims that all of this evidence considered together demonstrates that a reasonable jury could not find that the impact occurred anywhere other than in his lane of travel, and that under applicable law, a presumption of fault attaches to the driver in the wrong lane, a presumption that Defendants have failed to overcome.  Additionally, Plaintiff contends that under Louisiana jurisprudence, an admission to a statutory violation of a traffic law constitutes negligence per se; thus, when Mr. Boudreaux plead to his traffic violation, he committed negligence per se, warranting a finding of negligence by the jury.

As to causation, Plaintiff contends that his request for Rule 50 relief should be granted since every physician who testified stated Plaintiff was injured in the automobile accident, including the Defendants' IME physician.  Plaintiff also claims that the parties stipulated to causation in the stipulation to the amount of workers' compensation benefits paid by the State and a similar stipulation in the jury instructions.  These stipulations, according to Plaintiff, triggered the presumption of causation which, under Louisiana law, mandates a finding that the automobile accident caused his condition.

3

Finally, Plaintiff seeks relief under Rule 59 for a new trial on the issue of damages only.

**B.   Defendants' Response**

Defendants filed a response in opposition to the Plaintiff's Motion.  (R. 92).  Defendants contend the Plaintiff's requested relief should be denied since the jury was presented with two competing versions of events that transpired on the date of the accident, it properly made credibility determinations as to which version to believe, and rendered a decision based thereon. According to Defendants, the fact that the jury did not believe the testimony of the Plaintiff or Mr. McLean as to the speed Mr. Boudreaux was traveling, permits the jury to distrust all of these witnesses' testimony.  Defendants further allege that the burden of proof never shifted to Mr. Boudreaux to prove he was not negligent because Plaintiff failed to prove that Mr. Boudreaux crossed the center line.

Defendants also challenge Plaintiff's negligence per se argument, arguing that the case law relied upon by Plaintiff presents an incorrect statement of law since the Louisiana Supreme Court has held that the violation of a criminal statute in combination with some resultant harm does not, in and of itself, impose civil liability.  Defendants further contend that because Plaintiff failed to raise negligence per se until now, he has waived this argument.

Finally, Defendants discredit Plaintiff's reliance on stipulations.  Defendants claim that the stipulation relating to the State's workers compensation claim was entered solely to allow the State to avoid going to trial.  According to the Defendants, if the stipulations were intended to resolve negligence and causation, then the trial would have been solely on damages, which was not the case.

**III.   LAW & ANALYSIS**

4

### A.      Standard of Review-Rules 50 & 59

A Rule 50 judgment as a matter of law is appropriate with respect to a given issue if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue."  Fed. R. Civ. P. 50(a)(1).  "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict."  *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004). In applying this standard, "the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weigh the evidence, as those are jury functions."  *Id.*

Rule 59 provides that a new trial may be granted "on all or part of the issues...in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Fed. R. Civ. P. 59(a).  Although Rule 59 does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."  *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(internal citations omitted); *see also McFadden v. Wal-Mart Stores*, 2006 WL 3087164, at *2 (E.D. La. Oct. 27, 2006).

### B.      Analysis

After considering the arguments raised in the parties' briefs and the applicable law, the Court declines to reverse the jury's verdict finding that Mr. Boudreaux was not negligent.  As recognized by the parties, the standard for reversing a jury verdict is a high one.  At the trial, the

parties put on evidence and testimony to portray competing sets of facts as to what happened at the accident involving Plaintiff and Mr. Boudreaux. The direct and cross of witnesses for both sides, particularly, the Plaintiff, Mr. Boudreaux, Mr. McLean, and Trooper Flynn, demonstrated these competing stories. That the jury elected to believe the Defendants' portrayal of the facts, on its own, is not a basis for Rule 50 relief. It is conceivable that the jury, in deliberating, (1) did not believe the Plaintiff or Mr. McLean as to the speed Mr. Boudreaux was traveling, (2) found that the ticket issued to Mr. Boudreaux, which he attempted to challenge, but ultimately plead to, as well as the police report, were not determinative of what happened during the accident, (3) found Mr. Boudreaux's testimony that his vehicle did not cross the center line and strike Plaintiff, was credible, and (4) viewed the physical evidence, including the pictures of the vehicles, as supporting Defendants' theory.

Plaintiff's argument that because the Mr. Boudreaux was in the wrong lane, the presumption of fault is shifted to the Defendants, has no place in the present matter since there was no finding by the jury that Mr. Boudreaux was in the wrong lane. The Court recognizes there was evidence presented to this effect, but also that there was testimony from Mr. Boudreaux that he did not cross the center line. Presumably, the jury accorded more credibility and weight to Mr. Boudreaux's testimony and concluded that the Plaintiff was in the wrong lane. For purposes of the present Motion, the Court may not abrogate the jury's credibility findings or weighing of the evidence.

Plaintiff also argues that because Mr. Boudreaux plead guilty as charged to the traffic violation he received arising from the accident, he is liable for negligence per se. However, the Louisiana Supreme Court has consistently rejected the doctrine of negligence per se. *See*

*Galloway v. State*, 94-2747 (La. 5/22/95); 654 So. 2d 1345, 1347 ("The doctrine of negligence

per se has been rejected in Louisiana."); *Faucheaux v. Terrebonne Consol. Gov't*, 615 So. 2d

289, 292 (La. 1993)("The terminology 'negligence per se' has been rejected in Louisiana.");

*Boyer v. Johnson*, 360 So. 2d 1164, 1169 (La. 1978)("A violation of a criminal statute does not

automatically create liability in a particular civil case."); *Laird v. Travelers Ins. Co.*, 267 So. 2d

714, 717 (La. 1972)("[A] violation of a criminal statute in combination with some resultant harm

does not, in and of itself, impose civil liability."); *see also* 12 La. Civ. L. Treatise, Tort Law §

14:7 (2d ed.)("Louisiana does not recognize negligence per se as a consequence of the violation

of [criminal motor vehicle] statutes."). This rejection has been recognized in civil actions arising

from incidents in which the defendant allegedly violated a traffic statute. *See Galloway,* 94-

2747; 654 So. 2d 1345; *Boyer*, 360 So. 2d 1164; *Laird*, 267 So. 2d 714. Despite this rejection,

courts in Louisiana look to these statutes as guidance for fixing civil liability. *See id.* The

relevant inquiry is whether the prohibition in the traffic statute is designed to protect from the

harm or damage which ensues from its violation. *See id.*

When, as has occurred in the present case, a defendant pleads guilty to a traffic violation,

this admission constitutes competent evidence in a subsequent civil trial, but is not conclusive of

negligence. *See Shephard v. Scheeler,* 96-1690 (La. 10/21/97); 701 So. 2d 1308, 1315("A guilty

plea to a traffic offense is admissible to show fault."); *Arceneaux v. Domingue*, 365 So. 2d 1330,

(La. 1978)("A plea of guilty is an admission against interests by the driver, and is admissible as

relevant evidence to show fault."); *Wall v. Alleman*, 519 So. 2d 155, 160 (La. App. 2 Cir.

1987)(concluding that paying a traffic ticket is not conclusive evidence of negligence); *Gregorie*

*v. Hartford Accident & Indem. Co.*, 348 So. 2d 186, 188-89 (La. App. 1977)("However, such an

admission, while competent evidence, is not conclusive.").  When there is evidence demonstrating that a defendant plead guilty to a traffic violation, not because he or she was guilty, but because it was more convenient and/or expedient to do so, courts have held that the negligence suggested by such plea is vitiated.  *See e.g. Wall v. Alleman*, 519 So. 2d at 160 (finding payment of a traffic ticket inconclusive as to negligence where defendant testified he paid the ticket because he would be out of state on the court date); *Gregorie v. Hartford Accident & Idem. Co.*, 348 So. 2d 186, 189 (La. App. 1977)(recognizing that a party's explanation that he pleaded guilty solely for the sake of convenience and expediency, since it was easier and less expensive to pay the relatively small fine than to contest the charge, vitiated any admission of negligence by that party in pleading); *see generally Am. Cas. Co. v. Lennox*, 169 So. 2d 707 (La. App. 1964)(affirming decision of trial court finding defendant was not negligent on the basis that the defendant's sworn testimony as to the incident was more credible than the guilty plea arising from the same incident).

During trial in the present case, there was evidence and testimony demonstrating that Mr. Boudreaux plead guilty to the traffic ticket he was issued as a result of his accident with the Plaintiff.  However, Mr. Boudreaux testified that he first attempted to challenge the ticket, showing up at court, out-of-state, in Louisiana, but was turned away because he was noticed for the wrong court, on the wrong date.  He further testified that after his first attempt to resolve the ticket, he returned to Louisiana at the proper court, on the proper date, and plead to what he believed to be no contest and paid a fine, on the basis that he could not afford to make another trip to Louisiana.  Furthermore, the police report, as well as Mr. Boudreaux's testimony, indicate that he never admitted his vehicle crossed the center lane and struck Plaintiff's vehicle.

Although the guilty plea serves as evidence that Mr. Boudreaux was negligent, there also was competing evidence demonstrating that Mr. Boudreaux plead only because it was convenient and expedient to do so, not because he was in fact guilty.  The jury presumably gave more credibility and weight to the latter evidence.  Thus, the Plaintiff's request for Rule 50 relief on his negligence claim is not warranted on the basis of negligence per se.

Considering all of the testimony and evidence presented at trial with respect to negligence, and drawing all reasonable inferences in favor of the Defendants, the Court concludes that the jury's verdict does not lack a "legally sufficient evidentiary basis."  Fed. R. Civ. P. 50(a).  The jury simply believed the Defendants' version of the fact and rejected the Plaintiff's version.  The Court further concludes that not one of the jury's findings on any of the claims submitted to it is against the weight of the evidence.  Because the Court finds no basis for awarding Rule 50 relief on Plaintiff's negligence claim, it need not address the Plaintiff's requests for Rule 50 relief on causation.  The evidence demonstrated that Plaintiff was injured as a result of the accident and received workers' compensation because these injuries arose while he was working; nonetheless, without a finding by the jury that Mr. Boudreaux was negligent, fault cannot be attributed to Mr. Boudreaux for these injuries.  The Court also declines to grant Plaintiff's request for Rule 59 relief on damages, finding this case has been litigated fairly and the ends of justice have undoubtedly been served.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiff's Renewed Motion for Judgment as a Matter of Law with Alternative or Joint Request for a New Trial (R. 81), is DENIED.

New Orleans, Louisiana, this 29th day of November, 2010.

_____
U.S. District Judge