UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEWEY H. PHILLIPS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-3691** |
| | * | |
| **ROOFERS MART SOUTHEAST, INC.** | * | **SECTION "L"(5)** |

### ORDER & REASONS

Before the Court is Plaintiff Dewey H. Phillips' Motion to Review Clerk's Action Pursuant to FRCP 54(d)(1). (R. 108). The Court has reviewed the briefs submitted by the parties, as well as the applicable law, and is now ready to rule. For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

On August 19, 2010, this Court issued a Judgment in favor of Defendants, Douglas Boudreaux, Roofers Mart Southeast, Inc., and the Cincinnati Insurance Co., Inc., and against Plaintiff, Dewey Phillips. *See* (R. 77). In this Judgment, the Court dismissed the claims of the Plaintiff and the Plaintiff-Intervenor, the Louisiana State Office of the Governor, Division of Administration, Office of Risk Management, and did so with prejudice and costs. *See id.* Thereafter, the Clerk of Court issued a Bill of Costs in the amount of $6,059.47 against both the Plaintiff and the Plaintiff-Intervenor. *See* (R. 107).

Plaintiff filed the present Motion seeking an order from the Court that the costs are to be split 50-50 between it and the Plaintiff-Intervenor. *See* (R. 108). According to the Plaintiff, this apportionment is appropriate since "both [it] and Intervenor had a dog in this hunt." *See id.*

Plaintiff-Intervenor filed a response in opposition to Plaintiff's Motion, contending that it

1

should only be apportioned a nominal amount of costs since its involvement in the case was minimal and had little effect on the costs expended by the Defendants. *See* (R. 109).  Plaintiff-Intervenor specifically notes the following in support of its argument: (1) it entered the litigation for the sole purpose of protecting its workers' compensation lien; (2) it did not notice a single deposition, attended only two depositions, and asked less than five questions at Plaintiff's deposition; (3) it did not propound or request any discovery; (4) it subpoenaed no medical records; (5) it hired no expert witnesses; and (6) it did not participate in trial, and instead secured a joint stipulation as to its workers' compensation lien.

Defendants, Douglas P. Boudreaux, Roofers Mart Southeast, Inc., and The Cincinnati Insurance Co., take the position that the ultimate allocation of costs is a matter of the Court's discretion, and refrain from suggesting what this allocation should be in the present case.

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the court directs otherwise.  A "district court has wide discretion in awarding costs," *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 44 (5th Cir. 1993), which are to be imposed on unprevailing parties, including intervenors. *See e.g. id*. at 44 (upholding imposing of costs on an unprevailing, intervening party); *Horton v. Lawrence Cnty. Bd. of Educ*., 578 F.2d 147, 151 (5th Cir. 1978)("Costs are taxed against the plaintiff-intervenors.").  The Fifth Circuit has provided the following guidance for taxing costs against intervening parties,

> In deciding the costs to be awarded to or taxed against intervenors, the appellate court may consider not only the obviously paramount factor of victory or defeat but also 'the relative merit of the intervenor's contribution, the novelty of the issues, the necessity of intervention, and the public interest' as well as any other factors that appear relevant. *Am. Trucking Associations, Inc. v. Interstate Commerce Comm'n*, 666 F.2d 167, 169 (5th Cir.

1982)(quoting *Delta Air Lines Inc. v. CAB*, 505 F.2d 386, 388 (D.C. Cir. 1974)).[1] The Fifth Circuit has also recognized that "an intervenor's relative inactivity in a lawsuit may influence a court's exercise of its discretion" in apportioning costs. *Carter,* 983 F.2d at 44.

In the present case, the Plaintiff-Intervenor was clearly aligned with the unprevailing party, the Plaintiff. Additionally, Plaintiff-Intervenor was a permissive intervenor. Its contribution and activity in the litigation did not rise to the level of the Plaintiff, as it did not participate in the trial and only participated minimally in discovery and depositions. Furthermore, a substantial amount of the costs borne by Defendants was a result of Plaintiff's claims against Defendants, not Plaintiff-Intervenor's claims. Considering these facts under the applicable law, the Court finds that Plaintiff should be responsible for a majority of the costs. Accordingly, IT IS ORDERED that Plaintiff's Motion is GRANTED IN PART in that the Court has undertaken a review of costs, and DENIED IN PART in that Plaintiff is taxed with $5,059.47 in costs, while Plaintiff-Intervenor is taxed with $1,000.00 in costs. The Court finds these amounts appropriately reflect the activity and involvement of these parties in the litigation.

New Orleans, Louisiana, this 1st day of December 2010.

_____
U.S. District Judge

---

[1] The "[t]axation of costs follows the same principles at both trial and appellate levels." *Smith v. Bd. of Sch. Comm'r*, 119 F.R.D. 440, 442 (S.D. Al. 1988).